IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SCOTT WOMBOLT,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON &<br>EMPLOYEES LARRY BURKE, TODD<br>BOESE, CYNTHIA DAVENPORT, JILL<br>BUCK, KATHERINE FLYNN, DOCTOR<br>KOHUT, and CINDY HINER,<br><br>Defendants. | CV 15-00060-H-DLC-JTJ<br><br><br>FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

This matter comes before the Court on Defendants Larry Burke, Todd Boese, Cynthia Davenport, Jill Buck and Katherine Flynn's Motion to Dismiss. (Doc. 15.) The motion should be granted.

**A. Motion to Dismiss Standard**

Rule 12(b) (6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the

1

pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. Cnty of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999).

**B.  Analysis**

In Count I of the Second Amended Complaint, Mr. Wombolt alleged that he requested accommodations for his learning mental health disabilities on multiple occasions but was denied accommodations.  (Second Amended Complaint, Doc. 7.)  The Court construes this allegation as a claim brought under Title II of the ADA, 42 U.S.C. § 12101 et seq., which prohibits discrimination on the basis of a disability in the programs, services, or activities of a public entity.  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  The term "public entity" encompasses state correctional facilities.  *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998).

Title II of the ADA, however, does not provide for individual capacity suits against state officials.  *See* 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *see also Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 107 (2nd Cir. 2001);

*Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc);

*Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n. 1 (6th Cir. 1999). Further,

"a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in

her individual capacity to vindicate rights created by Title II of the ADA." *Vinson*

*v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002)

The proper defendant in an ADA action is the public entity responsible for

the alleged discrimination, not an individual officer. *Everson v. Leis*, 556 F.3d

484, 501 & n. 7 (6th Cir. 2009). State entities can be sued for money damages

under Title II of the ADA. *Lovell v. Chandler*, 303 F.3d 1039, 1051 (9th Cir.

2002). Therefore, the only proper Defendant in Mr. Wombolt's ADA Claim is

Montana State Prison as an agency for the State of Montana.

Defendants' Motion to Dismiss should be granted.

Based on the foregoing, the Court issues the following:

## RECOMMENDATION

Defendants Larry Burke, Todd Boese, Cynthia Davenport, Jill Buck and

Katherine Flynn's Motion to Dismiss (Doc. 15) should be **GRANTED**.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS &
### RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed

until entry of the District Court's final judgment.

DATED this 15th day of August, 2016.


_/s/ John Johnston_
John Johnston
United States Magistrate Judge

---

[1]  As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.